# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39412 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jason W. CHERRY**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 24 January 2020

————————————

*Military Judge:* Mark W. Milam (motions); Vance H. Spath (motions); Donald R. Eller, Jr. (trial); Thomas J. Alford (post-trial motion).

*Approved sentence:* Dishonorable discharge, confinement for 8 years, and reduction to E-1. Sentence adjudged 13 October 2017 by GCM convened at Ellsworth Air Force Base, South Dakota.

*For Appellant:* Major Mark J. Schwartz, USAF; Major Dustin J. Weisman, USAF; William E. Cassara, Esquire.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Captain Zachary T. West, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

This case is before us for the second time. Previously, this court set aside the convening authority's action and returned the record of trial to The Judge Advocate General for remand to the convening authority for new post-trial processing with assignment of conflict-free defense counsel. *See United States*

*v. Cherry*, No. ACM 39412, 2019 CCA LEXIS 334, at \*57–58 (A.F. Ct. Crim. App. 21 Aug. 2019) (unpub. op.) (where this court reviewed Appellant's ten assignments of error and found no material prejudice). New post-trial processing has been accomplished.

Appellant was originally convicted, contrary to his pleas, of one specification of sexual assault of a child and three specifications of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b.* The adjudged sentence consisted of a dishonorable discharge, confinement for eight years, and reduction to the grade of E-1.

Consistent with our remand, the staff judge advocate prepared a new recommendation to the convening authority which was served on conflict-free defense counsel. On 24 September 2019, the convening authority directed a post-trial session under Article 39(a), UCMJ, 10 U.S.C. § 839(a), to address a defense request to review sealed material during new post-trial processing. A detailed military judge granted the request without a hearing as it was unopposed by Government and the detailed special victims' counsel.

Appellant submitted clemency matters both before and after his counsel received the sealed materials. Appellant requested the convening authority set aside his convictions in their entirety. Alternatively, Appellant requested his confinement time be reduced as he had already served two years of confinement. On 8 November 2019, the convening authority took action. He did not set aside the findings of the court and he approved the adjudged sentence.

Appellant's case was docketed with our court for further review on 15 November 2019. On 13 January 2020, Appellant waived his right to file any supplemental assignments of error while maintaining his right to appeal all of the previous issues raised with the United States Court of Appeals for the Armed Forces. The Government submitted no opposition.

Upon further review, the approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. § 859(a), 866(c).

---

* All references in this opinion to the Uniform Code of Military Justice are to the *Manual for Courts-Martial, United States* (2016 ed.).

Accordingly, the findings and the sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court